IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS BATTISTI and ANNA MARIA BATTISTI, his wife, <br><br> Plaintiffs, <br><br> v. <br><br> PARKER HANNIFIN CORPORATION, <br><br> Defendant. | JUDGE: _____ <br><br><br> CASE NO: 2:22-cv-540 |

## DEFENDANT PARKER HANNIFIN CORPORATION'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Parker Hannifin Corporation ("Parker") removes the above-captioned case from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania.[1] This Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446(b)(1). Complete diversity of citizenship exits between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice of Removal, Parker states as follows:

## BACKGROUND

1. On March 24, 2022, Plaintiffs Louis Battisti and Anna Maria Battisti commenced this action by filing a Complaint in the Allegheny County Court of Common Pleas bearing Case No. GD-21-009807. A copy of the Complaint is attached as Exhibit A.

---

[1] By removing this action to this Court, Parker does not waive any defenses, objections, or motions available under state or federal law.

2. Plaintiffs claim that on or about July 1, 2020, while working at the American Airlines Facility at the Pittsburgh International Airport, Plaintiff Louis Battisti was "diagnosing a problem using a Test-Fuchs hydraulic ground power unit" when a hose manufactured by Parker "ruptured causing Skydrol fluid to be sprayed over a large area[,]" which in turn caused him to slip on the fluid and fall "rearward striking his back and head and sustaining serious injuries and damages." (Pl. Compl. Ex. A at ¶¶ 4–9.)

3. The docket of the Court of Common Pleas of Allegheny County reflects service to Parker on March 24, 2022. Plaintiff served Parker's counsel with the Complaint on March 22, 2022.

4. Accordingly, this Notice of Removal is being filed within thirty (30) days after Parker's first receipt of a copy of the initial pleading setting forth the claim for relief upon which this action is based, as required by 28 U.S.C. § 1446(b)(1).

5. Removal under 28 U.S.C. § 1441 is appropriate because this case is an action over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and Defendants. See U.S.C. §§ 1332 & 1441.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

6. The amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied based on the nature and extent of the damages alleged in Plaintiffs' Complaint. Plaintiffs allege Parker caused Plaintiff Louis Battisti to sustain "the following injuries and damages: (a) Thoracic Spine Fracture; (b) Necessity of medical treatment including hospitalization and surgery; (c) Pain and suffering; (d) Medical bills and/or liens; (e) Inability to enjoy the ordinary

pleasures of life and perform normal daily activities; (f) Loss of wages and impairment of earning capacity; (g) Disfigurement; and (h) Other serious injuries and damages." (Pl. Compl. Ex. A at ¶ 19.)

7. Plaintiffs also allege that Parker has caused Plaintiff Anna Maria Battisti to be "deprived of the services, assistance, society, and consortium of her husband, Plaintiff Louis Battisti." (*Id*. at ¶ 24.)

8. Where the complaint does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

9. Plaintiffs do not specify the amount of damages sought, but they *each* demand judgment "in excess of applicable Arbitration Limits exclusive of interest and costs." (*Id*. ad *damnum* clauses following ¶¶ 19, 22, 24.)

10. The arbitration limit in Pennsylvania is $50,000. 42 Pa. Cons. Stat. Ann. § 7361(b)(2) (West) (requiring arbitration referral unless amount-in-controversy exceeds $50,000). Plaintiffs therefore each seek greater than $50,000 in damages.

11. Plaintiffs' individual demands for damages in excess of $50,000, combined with their allegations of damages for thoracic spine fracture, medical treatment, pain and suffering, medical bills and liens, inability to enjoy the ordinary life, lost wages, disfigurement, and loss of consortium is sufficient evidence that Plaintiffs' claims exceed the jurisdictional amount. *See Dimartino v. USAA Casualty Ins. Co.*, 2013 WL 12155340, at * 2 (E.D. Pa. May 20, 2013) (holding that the jurisdictional amount in controversy was met where the complaint sought

damages "in excess of $50,000" and alleged various serious injuries including sprains, strains, aggravation of pre-existing degenerative joint disease, and "severe shock to the nerves and nervous system, which injuries are or may be permanent"); *see also Williams v. GSell Moving and Storage*, 2008 WL 282205, at *2 (E.D. Pa. Jan. 31, 2008) (finding amount in controversy was greater than $75,000 where the *ad damnum* clause claimed damages were greater than $50,000 and plaintiff alleged that defendant's negligence may have caused plaintiff serious and permanent bodily injuries that may in the future continue to cause pain and mental anguish)

12. In *Williams*, the plaintiff alleged he was injured in a motor vehicle accident. The complaint sought damages "in excess of $50,000." *Williams*, 2008 WL 282205, at *1. Given that the plaintiff only stated the minimum, not maximum, amount of damages he was seeking, the court looked beyond the *ad damnum* clause and held that the jurisdictional amount was satisfied because the plaintiff alleged he suffered "serious and permanent bodily injuries," "agonizing aches, pains and mental anguish," and past and future medical expenses. *Id.* at *1–3. The Court further noted that in circumstances where a plaintiff does not specifically plead that damages are less than the jurisdictional amount, the case can only be remanded "if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *Id.* at *1 (citing *Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007)).

13. Likewise, in *Dimartino*, the court found the statutory minimum amount in controversy was satisfied where the plaintiffs' complaint sought "in excess of $50,000." *Dimartino*, 2013 WL 12155340, at *2. The plaintiffs alleged they were injured in a motor vehicle accident and experienced the following injuries: a cervical sprain and strain, knee sprain, aggravation of degenerative joint disease, severe shock to the nervous system, mental

4

anguish, lost wages, and past and future medical expenses. *Id*. at *1. The court found that a "'reasonable reading' of the Complaint reveal[ed] allegations of numerous, serious injuries, all of which may be permanent in nature, as well as loss of earnings and earning capacity" and was sufficient to satisfy the jurisdictional requirement. *Id*. at *2.

14. Here, each Plaintiff seeks damages in excess of $50,000. Plaintiffs also allege significant injuries, lost wages, financial expenses to treat injuries, loss of usual enjoyment for life, and loss of consortium. As in *Williams* and *Dimartino*, the nature of Plaintiffs' damages establishes that the amount in controversy is in excess of $75,000, which satisfies 28 U.S.C. § 1332(a).

## DIVERSITY OF CITIZENSHIP EXISTS

15. At the time this action was commenced, Plaintiffs were citizens of the Commonwealth of Pennsylvania. (Pl. Compl. Ex. A at ¶¶ 1–2.)

16. Parker is incorporated in the State of Ohio and has its principal place of business in Ohio. Parker is therefore a citizen of Ohio for purposes of determining diversity. See 28 U.S.C. § 1332(c)(1). (*See e.g.* Pl. Compl. Ex A at ¶3.)

17. Because Plaintiffs are citizens of Pennsylvania and Parker is not a citizen of Pennsylvania, diversity of citizenship exists under 28 U.S.C. §§ 1332 and 1441(b).

## PROCEDURAL REQUIREMENTS

18. For the foregoing reasons, this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332. This case may be removed to this Court pursuant to 28 U.S.C. § 1446(b)(1).

19. The Allegheny County Court of Common Pleas is located within the United States District Court for the Western District of Pennsylvania. Venue is therefore proper because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

20. As required by 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of all process, pleadings, and orders served upon Parker, including summonses and petitions.

21. The Allegheny County Court of Common Pleas' docket reflects service on March 24, 2022, and Otis's counsel was emailed a copy of the Complaint on March 22, 2022. Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

22. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Allegheny County Court of Common Pleas. A copy of the removal to be filed with the Allegheny County Court of Common Pleas is attached as Exhibit B.

WHEREFORE, Defendant Parker Hannifin Corporation gives notice that the civil action docketed Case No. GD-21-009807 in the Allegheny County Court of Common Pleas is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1).

Dated:  April 8, 2022	Respectfully submitted,

*/s/ Julie A. Callsen*
Julie A. Callsen (PA 323883)

TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone:	216.592.5000
Facsimile:	216.592.5009
E-mail:	julie.callsen@tuckerellis.com

*Attorneys for Parker Hannifin Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS BATTISTI and ANNA MARIA BATTISTI, his wife, | ) ) ) | |
| Plaintiffs, | ) ) | JUDGE: _____ |
| v. | ) ) | |
| PARKER HANNIFIN CORPORATION, | ) ) | CASE NO: _____ |
| Defendant. | ) ) | |

## DEMAND FOR JURY TRIAL

Defendant, Parker Hannifin Corporation herby demands a twelve (12) member jury trial.

Dated:  April 8, 2022                           Respectfully submitted,

                                                */s/ Julie A. Callsen*
                                                Julie A. Callsen (PA 323883)

                                                TUCKER ELLIS LLP
                                                950 Main Avenue, Suite 1100
                                                Cleveland, OH 44113
                                                Telephone:   216.592.5000
                                                Facsimile:   216.592.5009
                                                E-mail:   julie.callsen@tuckerellis.com

                                                *Attorneys for Parker Hannifin Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 8, 2022, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties via regular mail and e-mail to the following:

Carl R. Schiffman
Daniel S. Schiffman
SCHIFFMAN FIRM, LLC
1300 Fifth Avenue
Pittsburgh, PA 15219
carl@schiffmanfirm.com
dan@schiffmanfirm.com

*Attorneys for Plaintiff*

                                  /s/ *Julie A. Callsen*
                                  *One of the Attorneys for Defendant Parker*
                                  *Hannifin Corporation*